ROBERT E. FREITAS (SBN 80948)
rfreitas@ftklaw.com
QUDUS B. OLANIRAN (SBN 267838)
qolaniran@ftklaw.com
FREITAS TSENG & KAUFMAN LLP
100 Marine Parkway, Suite 200
Redwood Shores, California  94065
Telephone:  (650) 593-6300
Facsimile:   (650) 593-6301

Attorneys for Plaintiff
MyKey Technology Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYKEY TECHNOLOGY INC., | Case No.  2:12-cv-10927 MMM-SHx |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| INTELLIGENT COMPUTER SOLUTIONS, INC., | Honorable Stephen J. Hillman |
| Defendant. | |

Pursuant to Fed. R. Civ. P. 26(c), Plaintiff MyKey Technology Inc. and Defendant Intelligent Computer Solutions, Inc., through counsel undersigned, jointly submit this Stipulated Protective Order to govern the handling of information and material produced in the course of discovery or filed with the Court in this action.

## **ORDER AND STATEMENT OF GOOD CAUSE**

Plaintiff MyKey Technology Inc. and Defendant Intelligent Computer Solutions, Inc. agree that disclosure and discovery activities in this action are likely to involve production of highly sensitive financial or business information or proprietary information that has not been disseminated to the public at large, that is not readily discoverable by competitors and that has been the subject of reasonable

1  efforts by the respective parties to maintain its secrecy, and for which special
2  protection from public disclosure and from use for any purpose other than
3  prosecuting this litigation would be warranted.  Such information likely will
4  include, among other things, sensitive product information, product design and
5  development materials, engineering materials, marketing and sales information,
6  purchase orders, invoices, distributor information, and customer information
7  relating to write blocking devices, duplicator devices, and data removal devices.
8      Each party wishes to ensure that such confidential information shall not be
9  used for any purpose other than this action and shall not be made public by another
10 party beyond the extent necessary for purposes of this action.  The parties therefore
11 seek to facilitate the production and protection of such information.  The parties
12 acknowledge that this Protective Order does not confer blanket protections on all
13 disclosures or responses to discovery and that the protection it affords extends only
14 to the limited information or items that are entitled under the applicable legal
15 principles to treatment as confidential.  The parties further acknowledge that this
16 Protective Order creates no entitlement to file confidential information under seal.
17     Good cause exists to enter the instant Protective Order to protect such
18 confidential information from public disclosure.  The confidential information
19 includes information that could be used by actual or potential competitors to gain a
20 competitive advantage in the marketplace.
21     Accordingly, based upon the agreement of the parties and for good cause
22 shown, IT IS HEREBY ORDERED that whenever, in the course of these
23 proceedings, any party or non-party has occasion to disclose information deemed in
24 good faith to constitute confidential information, the parties and any such non-party
25 shall employ the following procedures:
26     1.    **Definitions.**
27     Designation of Discovery Materials as "CONFIDENTIAL,"
28 "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE

ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." The labels "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be viewed to be synonymous and as defined according to the limitations set forth in section 1(b) below. All documents produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits shall be subject to this Protective Order concerning confidential information, as set forth below:

(a) The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information which is in fact confidential. A party shall not routinely designate material as "CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation. Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they

are copied and marked confidential pursuant to this procedure. Information or material produced in an electronic medium (such as CD, DVD, or electronic storage device) is to be designated as Confidential Material by marking or labeling the CD, DVD, or electronic storage device with one of the legends specified above. If any person or entity who receives such a designated electronic medium prints or otherwise transfers to another medium any of the information contained on the electronic medium, any resulting document or other medium shall be marked by that person or entity with the appropriate designation in accordance with this subsection. If individual files on the electronic medium have been separately designated as Confidential, such designation will be upheld notwithstanding the failure to mark the outside of the electronic medium with one of the legends specified in this subsection. A Designating Party that inadvertently fails to mark an item as "CONFIDENTIAL," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or marks an item with an incorrect designation of confidentiality at the time of the production shall have ten (10) court days after learning of the inadvertent failure or mistake to correct its failure or mistake. The correction shall be made in writing and shall be accompanied by substitute copies of each item, appropriately marked as confidential material. Within ten (10) days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked, or incorrectly marked, items and all copies thereof

    (b)  Confidential Information may be designated as "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" when, in the reasonable judgment of the designating party, the information is Confidential, but is too sensitive, valuable, or difficult to protect from misuse to allow a wider circulation. The parties agree, without limitation that the following categories of information qualify for the designation "CONFIDENTIAL BUSINESS

INFORMATION SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY":

    (i)    Confidential information relating to product sales, pricing, costs, profits, or margins;

    (ii)    Non-public technical information, including schematic diagrams, technical reference manuals, operations manuals, and the like relating to products not yet released for public sale;

    (iii)    Confidential agreements and contracts concerning the development, manufacture, distribution, or sale of products;

    (iv)    Confidential information or items representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means; and

    (iv)    Non-public patent applications and related correspondence and documents.

    (c)    Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed "CONFIDENTIAL," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only if they are designated as such when the deposition is taken or within seven court days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as described above, shall also be deemed to be designated as "CONFIDENTIAL," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER," or

1  "CONFIDENTIAL – ATTORNEYS' EYES ONLY." To comply with this
2  subparagraph, the Designating party, in a letter or other notice to the party taking
3  the deposition, shall identify the appropriate level of confidentiality, and identify
4  the pages and lines, and/or exhibits, to be treated as confidential information. Each
5  copy of the transcript, and portions thereof, so designated shall be marked, by the
6  person receiving the letter or other notice, with the legend specified in subparagraph
7  1(a) above indicating the level of confidentiality claimed by the Designating Party
8  and shall be governed by the terms of this Protective Order.

If a portion of a deposition is designated on the record, during the deposition, as "CONFIDENTIAL," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the deposition shall continue, and if any persons not approved for access to confidential material under this Protective Order are attending the deposition, they shall leave. The court reporter and/or videographer shall separately bind any portion of the transcript of the deposition or hearing that has been designated to contain confidential material. Copies of the separately bound portions of the transcript containing confidential material may be provided only to persons permitted by the other provisions of this Protective Order to receive such confidential material. When any such separately bound portion of the transcript is provided by the court reporter and/or videographer, it shall be provided in a separate, sealed envelope.

(d) Information or documents designated as "CONFIDENTIAL," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (e) below for any purposes whatsoever other than preparing for and conducting the litigation in which the
/./.

STIPULATED PROTECTIVE ORDER
CASE NO. 12-10927 MMM-SHx

information or documents were disclosed (including appeals).  Disclosure may only be made in accordance with the terms of this Protective Order.

(e) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as "CONFIDENTIAL," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Information designated "CONFIDENTIAL" may be disclosed only to the following:

(aa) The attorneys and staff of any law firm acting as outside counsel for a party to this action, provided that any such person is involved in preparation or trial of the litigation, and those persons specifically engaged for the limited purpose of making photocopies of documents or assisting in the production of documents;

(bb) Independent consultants or experts and their staff not employed by or affiliated with a party who are retained either as consultants or expert witnesses for the purpose of this litigation.

(cc) No more than three (3) employees of either party who provide actual assistance in the conduct of the litigation in which the information is disclosed, but only to the extent necessary to allow them to provide that assistance.

(dd) The Court and Court personnel, and Official Court Reporters to the extent that Confidential Information is disclosed at a deposition or court session which they are transcribing.

(ee) The list of persons to whom Confidential Information may be disclosed identified in this may be expanded or modified by mutual agreement in writing by counsel for the parties to this action without the

necessity of modifying this Protective Order.

    (ii) Information designated as "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be disclosed only to those persons described in subparagraphs (aa), (bb), or (dd), above, or as agreed in accordance with subparagraph (ee), above.

  (f) Except as provided in subparagraph (e) above, counsel for the parties shall keep all documents designated as confidential which are received under this Protective Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

  (g) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Protective Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if that word does not already appear.

  2. **Confidential Information Filed with Court**.

To the extent that any materials subject to this Protective Order (or any pleading, motion or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, the proposed filing shall be accompanied by an application to file the confidential information under seal in accordance with Local Rule 79-5.1. Such application shall be directed to the judge to whom the papers are directed. Even if the filing party believes that the materials subject to the Protective Order are not properly classified as confidential, the filing party shall file the application to file under seal; provided, however, that the filing of the

/././

application to file under seal shall be wholly without prejudice to the filing party's rights under paragraph (4) of this Protective Order.

3.  **Party Seeking Greater Protection Must Obtain Further Order.**

No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraphs (1) and (8) of this Protective Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c) within a reasonable time after the parties have had an opportunity to meet and confer.

4.  **Challenging Designation of Confidentiality.**

A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated material remains with the party asserting such confidentiality. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

(a) <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b) <u>Meet and Confer</u>. The challenging party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other

forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the designating party is unwilling to participate in the meet and confer process in a timely manner.

(c) <u>Judicial Intervention.</u> If the parties cannot resolve a challenge without court intervention, the challenging party may bring a noticed motion to the Court pursuant to Local Rule 37 for a ruling that the designated material is not entitled to the designation given by the producing party or is entitled to a designation receiving greater protection under this Protective Order than that given by the designating party within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. The challenging party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the designating party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. Notwithstanding any such challenge to the confidentiality of designated material, all designated material shall retain its status as confidential material with such designation until (a) the

designating party revokes the designation by notifying the challenging party in writing or by so stating on the record at any hearing or deposition, or (b) the Court rules that the designation is not proper and orders that the designation be removed, possibly to be replaced with a different designation.

5. **Return of Confidential Material at Conclusion of Litigation.**

At the conclusion of the litigation, all material treated as confidential under this Protective Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals. Notwithstanding the provisions for return or destruction of confidential information, each counsel may retain its internal files of pleadings, correspondence, work product, deposition and discovery materials, etc., as well as one copy of each item of confidential information, for archival purposes.

6. **Non-waiver of privilege for inadvertently disclosed materials.**

Pursuant to Fed. R. Evid. 502(d), the inadvertent disclosure of any document that is subject to a legitimate claim that the document is subject to the attorney-client privilege or the work-product protection shall not waive the protection or the privilege for either that document or for the subject matter of that document.

7. **Return of inadvertently disclosed materials.**

Except in the event that the requesting party disputes the claim, any documents the producing party deems to have been inadvertently disclosed and to be subject to the attorney-client privilege or the work-product protection shall be, upon written request, promptly returned to the producing party, or destroyed, at that party's option. If the claim is disputed, a single copy of the materials may be retained by the requesting party for the exclusive purpose of seeking judicial determination of the matter pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502.

8.  **Source Code.**

(a)  To the extent production of source code becomes necessary in this case, a producing party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)  Any material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in subparagraph (1)(e)(ii).

(c)  Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the producing party's counsel or another mutually agreed upon location.  The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the receiving party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  The producing party may visually monitor the activities of the receiving party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d)  The receiving party may request paper copies of portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than

electronically as set forth in subparagraph (8)(c) in the first instance. The producing party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The producing party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in paragraph (4) whereby the producing party is the "challenging party" and the receiving party is the "designating party" for purposes of dispute resolution.

(e) The receiving party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The receiving party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The receiving party shall only make additional copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the producing party at the end of each day and must not be given to or left with a court reporter or any other individual.

9. **Limitations on Consultants and Expert Witnesses**. Counsel seeking to disclose CONFIDENTIAL, CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER, CONFIDENTIAL – ATTORNEYS' EYES ONLY, HIGHLY CONFIDENTIAL - SOURCE CODE, or any similar designation (collectively "Confidential Materials") to consultants or expert witnesses, who have signed the form attached hereto as Attachment A, pursuant to this section shall first advise the Designating Party of same, to allow the Designating Party opportunity to object or to seek other appropriate relief from the Court before the disclosure. Counsel disclosing Confidential Materials shall retain a copy of each executed Confidential Agreement and shall produce same to counsel for the Designating Party upon execution by said consultants or expert witnesses.

    (a) The party wishing to make a disclosure to a consultant or an expert witness pursuant to subparagraph (1)(e)(ii) above shall identify that person in writing to the Designating Party and shall provide a copy of that person's curriculum vitae, current employer, employment history for the past five years, and a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding five years.

    (b) The Designating Party has five (5) court days from the date of receipt of identification of a consultant or an expert witness to send written notice of its objection to disclosure and the grounds for such objection to the party intending to disclose Confidential Material.  The written notice from the party wishing to make the disclosure must recite that the Designating Party has five (5) court days to provide its written objection to the disclosure.  If no objection is made within five (5) court days, then the disclosure may be made on the day following said five (5) court day period.

    (c) Upon the making of such an objection, the parties shall initially attempt to informally resolve such objection.  If the parties are unable to do so, the Designating Party then shall have ten (10) days from sending the notice of its objection in which to challenge, by serving the proposed disclosing party with the appropriate L.R. 37 Joint Stipulation, the disclosure of the Confidential Material to the consultant or expert witness.  If the Designating Party does not file the appropriate motion with the Court within that time, or within any additional time within which to move as may be granted by the Court or agreed to by stipulation of the parties, the Designating Party waives its right to challenge the disclosure of Confidential Material to the identified consultant or expert witness, and the Confidential Material may then be disclosed to the identified consultant or expert witness.  An identified consultant or expert witness shall not be provided any Confidential Material while a timely-filed objection or motion challenging the disclosure to such consultant or expert witness is pending.

- 14 -

STIPULATED PROTECTIVE ORDER
CASE NO. 12-10927 MMM-SHx

(d) The identification of any non-testifying consultant or expert witness pursuant to paragraph 9 shall not waive or detract from any work product or other protections that would otherwise apply.

10. **Use of Confidential Material During Court Proceedings**. If any Confidential Material is used in any Court pretrial proceeding in these litigations (including, but not limited to, conferences, oral arguments, and hearings), the Confidential Material shall not lose its status as Confidential Material through such use so long as the District Court Judge agrees. The parties shall take all steps reasonably necessary to protect the confidentiality of the Confidential Material during any such use, including, but not limited to, requesting in camera proceedings. The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial. The parties agree to meet and confer in good faith prior to trial to establish procedures for the use of Confidential Material at trial.

11. **Inadvertent Disclosure of Confidential Materials**. If any Confidential Material is disclosed to any person to whom such disclosure is not authorized by this Protective Order, or other than in a manner authorized by this Protective Order, the party responsible for the disclosure shall, upon discovery of the disclosure, immediately inform the Designating Party of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the party responsible for the disclosure (including the name, address, telephone number, and employer of the person to whom the disclosure was made), shall immediately take all reasonable efforts to prevent further disclosure by each unauthorized person who received such information, and shall immediately require each unauthorized person to return all Confidential Material that was inadvertently disclosed to that person, all copies made of the improperly disclosed Confidential Material, and all documents containing excerpts from or references to the inadvertently disclosed Confidential Material.

12. **Non-Parties.** If in the event that a party seeks discovery from a non-party to these actions, the non-party may invoke the terms of this Protective Order in writing to all parties with respect to any Confidential Material to be provided to the Requesting Party by the non-party. Such non-party may gain the protections of this Protective Order by agreeing in writing to produce documents pursuant to this Protective Order and to be bound by it. No further order of the Court shall be necessary to extend the protections of this Protective Order to a non-party.

13. Production or disclosure of Confidential Materials under this Order shall not prejudice the right of any party making that production or disclosure to maintain the trade secret status or confidentiality of those Confidential Materials in other contexts.

14. This Order shall survive and continue to be binding after the conclusion of this action. The Court shall retain jurisdiction to enforce this Order.

15. Nothing in this Order shall be deemed in any way to restrict the use of documents or information which are lawfully obtained or publicly available to a party independently of discovery in this action, whether or not the same material has been obtained during the course of discovery in the action and whether or not such documents or information have been designated hereunder. However, in the event of a dispute regarding such independent acquisition, a party wishing to use any independently acquired documents or information shall bear the burden of proving independent acquisition.

DATED: July 01, 2013

Honorable Stephen J. Hillman
United States Magistrate Judge

## **STIPULATION**

IT IS HEREBY STIPULATED by and among the parties, through their respective counsel, this Honorable Court consenting, that the foregoing Stipulated Protective Order may be entered in this action.

Dated: July 1, 2013           FREITAS TSENG & KAUFMAN LLP

By: */s/Qudus B. Olaniran*
    ROBERT E. FREITAS
    QUDUS B. OLANIRAN
    FREITAS TSENG & KAUFMAN LLP
    100 Marine Parkway, Suite 200
    Redwood Shores, California 94065
    Telephone: (650) 593-6300
    Facsimile: (650) 593-6301

Attorneys for Plaintiff
MyKey Technology Inc.

Dated: July 1, 2013           WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

By: */s/Mark B. Mizrahi (with permission)*
    MARK B. MIZRAHI

Attorney for Defendant, Intelligent Computer Solutions, Inc.

# ATTACHMENT A:
## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *MyKey Technology Inc. v. Intelligent Computer Solution, Inc.*, Civil Action No. 12-cv-10927-MMM-SHx.

I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any documents designated as CONFIDENTIAL, CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER, CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE, or any similar designation ("Confidential Materials"), in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any Confidential Materials are to be returned to counsel who provided me with such material.

In accordance with paragraph 9(a) of the Stipulated Protective, I have attached my resume, curriculum vitae or other information sufficient to identify my employment history for the past five years, and the cases in which I have testified as an expert at trial or by deposition within the preceding five years.

By: _____

Executed on _____, 20____